IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOY C. LEWIS, | No. C 10-04658 CRB |
| Plaintiff, | **ORDER REMANDING TO STATE COURT** |
| v. | |
| CARRINGTON MORTGAGE SERVICES, L.L.C, | |
| Defendant. | |

Defendant removed the above-captioned action to this Court from the Superior Court for the County of Alameda on October 15, 2010, purportedly because "it arises under the Truth in Lending Act . . . and the Real Estate Settlement Procedures Act." Notice of Removal (Dkt. 1) ¶ 4. Because this action does not arise under federal law, it is remanded back to state court.[1]

A complaint can raise a federal question either explicitly (by bringing a claim pursuant to federal law) or implicitly (when a substantial, disputed question of federal law "is a necessary element of one of the well-pleaded state claims.") See Brown v. Aurora Loan Serv., No. 2:10-cv-01859 FCD/JFM, 2010 WL 3366960, at *2 (E.D. Cal. Aug. 25, 2010) (citations omitted). On its face, the First Amended Complaint ("FAC") sets forth four causes

---

[1] This Court can remand *sua sponte* when the jurisdictional failing is clear on the face of the pleading put forward as a basis for removal. See Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("[T]he district court must remand if it lacks jurisdiction . . . .") (citation omitted).

of action: (1) set aside trustee sale; (2) quiet title; (3) cancel trustee's deed; and (4) fraud/misrepresentation. TILA and/or RESPA are mentioned explicitly in the FAC only once. That occurs when Plaintiff alleges, in the context of the request to set aside the trustee sale, that, among other things, Defendants violated TILA and RESPA. Id. Ex. A ¶ 13.

The mere inclusion of generalized allegations of a violation of federal law does not create federal question jurisdiction. Where, as here, "a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains v. Criterion Sys., Inc., 80 F.3d 339, 345 (9th Cir. 1996) (quoting Franchise Tax Bd. of Calif. v. Construction Laborers Vacation Trust for S. Calif., 463 U.S. 1, 13 (1983)). Indeed, Plaintiff sets forth several theories as to why the trustee sale should be set aside, many of which do not turn on federal law.

Accordingly, there was no basis for removal of this action because a federal question is not presented on the face of Plaintiff's well-pleaded FAC. Sacramento Metro. Air Quality Mngt. Dist. v. U.S., 215 F.3d 1005, 1014 (9th Cir. 2000). Therefore, this case is remanded back to the Superior Court for the County of Alameda.[2]

**IT IS SO ORDERED.**

Dated: October 20, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[2] The Complaint filed in state court on March 8, 2010 contained nearly identical allegations concerning TILA and RESPA. See Mar. 8, 2010 Complaint ¶ 13. It was served on Defendant on March 24, 2010. Thus, even assuming *arguendo* that there is a basis for removal, that basis existed on the face of the well-pleaded Complaint filed and served in March. Defendant, however, did not file its notice of removal until October 15, 2010, which is too late. See 28 U.S.C. § 1446(b).